## Margaret STRASSBERG,
### Plaintiff–Appellant,

v.

## NEW YORK HOTEL & MOTEL TRADES COUNCIL, Local 6, The Hotel Waldorf–Astoria Corp. and Hilton Hotels Corp., Defendants–Appellees.

### Docket No. 01–7283.

United States Court of Appeals, Second Circuit.

March 4, 2002.

**16**

Eric A. Klein, New York, NY, for Appellant.

Joseph J. Lynett, Herrick, Feinstein, LLP, New York, NY, for defendant-appellee Union.

John D. Giansello, Orrick, Herrington & Sutcliffe, LLP, New York, NY, for defendant-appellee Hotel.

Present CARDAMONE, POOLER, and B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Margaret Strassberg appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*) that granted Federal Rule of Civil Procedure 12(c) motions made by defendants New York Hotel & Motel Trades Council, Local 6 ("Union") and the Hotel Waldorf–Astoria Corporation and Hilton Hotels Corporation (collectively, "Hotel").

This lawsuit is the third Strassberg has brought to challenge the Hotel's failure to rehire her in January 1995 and/or June 1995. Each of the prior lawsuits, in which Strassberg alleged that the Hotel failed to rehire her because of her actual or perceived disability, terminated in the Hotel's favor. *Strassberg v. Hilton Hotels Corp.,* 1997 WL 531314 (S.D.N.Y. Aug.28, 1997), *aff'd,* 173 F.3d 846 (Table), 1999 WL 220143 (Text) (2d Cir. Apr. 13, 1999); *Strassberg v. Hilton Hotels Corp.,* 1999 WL 605467 (S.D.N.Y. Aug.11, 1999), *aff'd,* 216 F.3d 1073 (Table), 2000 WL 949148 (Text) (2d Cir. July 7, 2000). In her current complaint, Strassberg alleges that the Hotel breached a Union-negotiated settlement agreement by failing to rehire her in June 1995 and that the Union breached its duty of fair representation by failing to vigorously represent her in an arbitration proceeding addressing the alleged breach and by abandoning an attempt to reopen the arbitrator's adverse decision. The district court granted defendants' Rule 12(c) motion, finding that *res judicata* precluded Strassberg's claim against the Hotel and the statute of limitations barred her claim against the Union.

In her opening brief on appeal, Strassberg did not question the district court's *res judicata* dismissal of the claims against the Hotel. Although Strassberg did perfunctorily contend in her reply brief

that this determination was erroneous, her failure to raise the issue in her opening brief waives it. *Nat'l Labor Relations Bd. v. Star Color Plate Serv.*, 843 F.2d 1507, 1510 n. 3 (2d Cir.1988). Because Strassberg did not demonstrate that not excusing her waiver will result in manifest injustice, we will not review the district court's *res judicata* determination. *See Booking v. Gen. Star Mgmt.*, 254 F.3d 414, 419 n. 5 (2d Cir.2001).

■■■ Strassberg does argue that the district court erred in holding that her claim against the Union is barred by the statute of limitations. This argument is not persuasive. Claims brought under 29 U.S.C. § 185 have a six month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). This limitations period accrues when the plaintiff knew or reasonably should have known that a breach occurred, and such knowledge is generally inferred to exist on the date that an arbitration award is made. *See Santos v. Dist. Council of New York City and Vicinity of United Bhd. of Carpenters and Joiners of Am.*, 619 F.2d 963 (2d Cir.1980); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 163 (2d Cir.1989). In her complaint, Strassberg alleges that the Union "made a perfunctory grievance" and "intentionally sabotaged the grievance," demonstrating that at least part of the alleged breach occurred before the arbitration award was made. While Strassberg and the Union did seek to have the grievance reopened following the Chairman's decision on November 6, 1995, knowledge of the Union's alleged pre-award breach is still imputed to Strassberg on the day of the Chairman's decision. *See Santos*, 619 F.2d at 969 (holding that plaintiff "knew or reasonably should have known that ... a breach has occurred [when the arbitration award was made], *even if some possibility of nonjudicial enforcement remained.*" (emphasis added)).

■■ Further the law in this Circuit is well settled that a continuous or ongoing failure by the union to represent a plaintiff after the plaintiff knows or should know of the breach does not toll the statute of limitations. *See Flanigan v. IBT, Truck Drivers Local 671*, 942 F.2d 824, 827 (2d Cir.1991); *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488 (2d Cir., 1995). We find Strassberg's claim that her attempt to reopen the record following the Chairman's decision constitutes a "new grievance" to be without merit since these efforts were merely additional steps in her pursuit of the initial grievance. Accordingly, we affirm the district court's holding that Strassberg's claim is barred by the statute of limitations.